FILED

**NOT FOR PUBLICATION**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO CORCUERA, AKA Guillermo Jony Cocuera, AKA John Doe, AKA Ruben Gomez, AKA Ruben Anthony Gomez,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72061<br><br>Agency No. A099-026-478<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Guillermo Corcuera, a native and citizen of Peru, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Corcuera's false sworn testimony before the IJ, made in an effort to obtain immigration benefits, statutorily bars him from demonstrating good moral character under 8 U.S.C. § 1101(f)(6). *See Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). Accordingly, he is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B).

Because the determination regarding Corcuera's false testimony is dispositive, the BIA was not required to address the IJ's denial of a continuance to establish hardship for cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)). In addition, the BIA did not ignore Corcuera's contentions that translation issues resulted in a due process violation and that the IJ's ruling was prejudicial and biased, because he failed to raise those contentions before the BIA. Accordingly, we lack jurisdiction to

review those unexhausted contentions.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

The BIA provided a reasoned explanation for its dismissal.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (reiterating that the BIA need not "write an exegesis on every contention" raised by a petitioner, so long as it "consider[s] the issues raised, and announce[s] its decision in terms sufficient [for] a reviewing court to perceive that it has heard and thought and not merely reacted") (citations and quotation marks omitted)).

Accordingly, Corcuera failed to establish that the BIA deprived him of due process when it dismissed his appeal.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to sustain a due process claim in a removal proceeding).

In light of this disposition, we do not reach Corcuera's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**